United States District Court
Southern District of Texas

**ENTERED**

June 26, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTHOPHER G.V., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-643 |
| | § | |
| WARDEN, EL VALLE DETENTION | § | |
| FACILITY, *et al.,* | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"). For the following reasons, the Court should deny the Petition.

Petitioner[2] is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. Dkt. No. 1 at 1. Petitioner states he was taken into custody on February 5, 2026. Dkt. No. 1 at 4. The Court takes judicial notice that an immigration judge ordered Petitioner removed on June 10, 2026, and at the time this Report and Recommendation is issued, the period to appeal that decision has not yet elapsed.[3] *See Attachment 1*. Petitioner argues his detention violates the due process clause of the Fifth Amendment and argues he is entitled to a bond hearing under 8 U.S.C. §1226(a). Dkt. No. 1 at 6-7.

Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claims are not viable. Detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v.*

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner proceeds *pro se*, without a legal representative, and receives the benefit of liberal construction of his claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

[3] *See* Fed. R. Civ. P. 201(b).

*Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g., id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1 at 6-7.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1) and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 26, 2026.

Karen Betancourt
United States Magistrate Judge

# Attachment 1

 An official website of the United States government  Here's how you know ▾

**EOIR** | Automated Case Information

---

**Court Closures Today**  June 25, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home  >  , **CHRISTHOPER MANUEL** (          )



# Automated Case Information

**Name:** ████████, **CHRISTHOPER MANUEL** | **A-Number:** ████████ |
**Docket Date: 9/27/2022**

### 📅 Next Hearing Information

*There are no future hearings for this case.*

### ⚖️ Court Decision and Motion Information

The immigration judge ordered **REMOVAL**.

**DECISION DATE**
June 10, 2026

**COURT ADDRESS**
1800 INDUSTRIAL DR
RAYMONDVILLE, TX 78580

###  BIA Case Information

An appeal is due by July 10, 2026.

### 🏛 Court Contact Information

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**
16800 GREENSPOINT PRK DR, 2 FL
HOUSTON, TX 77060

**PHONE NUMBER**
(281) 765-5900



Archive

Accessibility

Information
Quality

Privacy Policy

Legal Policies &
Disclaimers

Social Media

Budget &
Performance

Office of the
Inspector
General

No FEAR Act

For Employees

EOIR Freedom of
Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov

Immigration Court
Online Resource

Contact Technical
Support

This site is
protected by
reCAPTCHA and
the Google Privacy
Policy and Terms of
Service

Department of Justice | Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041